**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JOSEPH D. LOMBARDI and CAROLYN J. LOMBARDI** **Plaintiffs,** | : | **C.A.** |
| **VS.** | : | |
| **COLUMBIA EQUITIES, LTD.** **Defendant** | : | CA 06 267T |

**COMPLAINT**

**INTRODUCTION**

1. The Plaintiffs, Joseph D. Lombardi and Carolyn J. Lombardi, file this complaint against Defendant Columbia Equities, LTD. (hereinafter "Columbia Equities") for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 .

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES

4. The Plaintiffs, Joseph D. Lombardi and Carolyn J. Lombardi reside at 10 Burleigh Street, 6J, Providence, RI 02904.

5. The Defendant, Columbia Equities, LTD. is a National corporation with its principle place of business at 400 Columbus Avenue, Valhalla, NY 10595.

6. At the time of the mortgage transaction between Plaintiffs and Defendant, Columbia Equities entered into more than 5 transactions per year in which credit was extended that was secured by the principal residence of a consumer and was used for purposes other that the initial acquisition or construction of the residence. Columbia Equities is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

## FACTUAL ALLEGATIONS

7. On or about July 25, 2003 the Plaintiffs entered into a consumer loan transaction, a mortgage, with Columbia Equities. This mortgage refinanced a mortgage held by a different lender and all of the proceeds thereof were used for personal, household and family related purposes.

8. At the time of the loan closing referenced above, the Plaintiffs were not provided copies of any of the required material disclosures of 15 U.S.C. §1602(u). In fact, the Plaintiffs left the closing without any of the statutorily required disclosures, having not been provided any copies by the closing agent.

9. On or about August 7, 2003, several days after the July 25, 2003 consummation of the loan, the Plaintiffs received copies of the disclosures and other pertinent closing documentation

that were executed several days prior via the mail. A copy of the date-stamped mailing envelope which contained the material disclosures received by the Plaintiffs is attached hereto as Exhibit A.

10. The above referenced closing documentation, which was received by the Plaintiffs via the mail, included the Notice of Right To Cancel, a copy of which is attached hereto as Exhibit B.

11. The Notice of Right To Cancel received by the Plaintiffs after the closing was defective and confusing as it contained a deadline to rescind of July 29, 2003, which had already transpired by the time the Plaintiffs received said document.

12. Upon information and belief, Columbia Equities treated and intended the July 29, 2003 date contained on the Notice of Right to Cancel received by the Plaintiffs as the deadline in which the Plaintiffs could rescind the transaction.

13. Because the transaction was secured by Plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> **(a) Consumer's right to rescind.**
>
> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

**(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

**(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

**(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

**(1) The retention or acquisition of a security interest in the consumer's principal dwelling.**

**(2) The consumer's right to rescind the transaction.**

**(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

**(4) The effects of rescission, as described in paragraph (d) of this section.**

**(5) The date the rescission period expires. . . .**

**(f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:**

**(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

**(2) A credit plan in which a state agency is a creditor.**

14. Upon information and belief, Columbia Equities disbursed the loan proceeds on or about July 25, 2003. Accordingly, Columbia Equities violated the Delay of Creditor's Performance Rule as referenced in Federal Reserve Board Regulation Z, 12 C.F.R. part 226.23 and disbursed funds well before the Plaintiffs received their material disclosures and during the three day period.

15. On or about May 11, 2005, the Plaintiffs exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent via certified mail to Columbia Equities. A Copy of the notice is attached as Exhibit B.

16. This correspondence was received by the Defendant.

17. Defendant ignored the Plaintiffs' request to rescind.

## COUNT I

## TRUTH IN LENDING ACT VIOLATIONS

18. Plaintiffs incorporate ¶¶ 1-17 as if fully set out herein.

19. Columbia Equities failed to give Plaintiffs clear and conspicuous notice of their right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23. Accordingly, the Plaintiffs are entitled to rescind the mortgage.

20. Columbia Equities violated the Delay of Performance Rule, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23. Accordingly, the Plaintiffs are entitled to rescind the mortgage.

21. The failure of the Defendant, Columbia Equities to respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiffs to an award of statutory damages.

WHEREFORE, the Plaintiffs request that the Court enter judgment in favor of Plaintiffs

and against Defendant Columbia Equities as follows:

1. A declaration that Plaintiffs are entitled to rescind ;
2. Rescission of the loan;
3. Statutory Damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre
LAW OFFICES OF CLAUDE
LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
R.I. Bar No. 4019

**JURY DEMAND**

Plaintiffs demand trial by jury.

Christopher M. Lefebvre