**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOSEPH D. LOMBARDI and | : | |
| CAROLYN J. LOMBARDI | : | |
| Plaintiffs | : | |
| VS. | : | C.A. NO. 06-267T |
| | : | |
| COLUMBIA EQUITIES, LTD. | : | |
| Defendant | : | |

**DEFENDANT, COLUMBIA EQUITIES, LTD., ANSWER TO THE PLAINTIFF'S COMPLAINT**

Now comes the Defendant, Columbia Equities, Ltd., by its attorney and submits its answer to the complaint as follows:

1. The allegations contained in Paragraph 1 are statements of law to which no answer is required. The Defendant, Columbia Equities, Ltd., specifically denies that they have violated the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA") and Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

2. The allegations contained in Paragraph 2 are statements of law to which no answer is required of the Defendant other than defenses raised in this answer.

3. The allegations contained in Paragraph 3 are statements of law to which no answer is required of the Defendant other than defenses raised in this answer.

4. The Defendant is without knowledge sufficient to form a belief as to the truth of the matter as alleged in this paragraph and leaves the Plaintiff to its proof thereof.

5. The Defendant admits the allegations contained in Paragraph 5.

6. The Defendant admits the allegations contained in Paragraph 6.

7. The Defendant admits that on or about July 25, 2003, the Plaintiffs entered into a consumer loan transaction, a mortgage with Columbia Equities, Ltd. The Defendant denies any other allegations contained in Paragraph 7.

8. The Defendant denies the allegations contained in Paragraph 8.

9. The Defendant is without knowledge sufficient to form a belief as to the truth of the matters alleged in Paragraph 9 but states that the document referred to as Exhibit A speaks for itself.

10. The Defendant denies the allegations contained in Paragraph 10 but states that the document referred to as Exhibit B speaks for itself.

11. The Defendant denies the allegations contained in Paragraph 11.

12. The Defendant denies the allegations contained in Paragraph 12.

13. The Defendant is without knowledge sufficient to form a belief as to the truth in the matters alleged in Paragraph 13. The Defendant admits that Section 226.23 is accurately quoted by the Plaintiff.

14. The Defendant denies the allegations contained in Paragraph 14.

15. The Defendant denies the allegations contained in Paragraph 15 and states that Exhibit B speaks for itself.

16. The Defendant denies the allegations contained in Paragraph 16.

17. The Defendant denies the allegations contained in Paragraph 17.

## COUNT I

## TRUTH IN LENDING ACT VIOLATIONS

18. The Defendant incorporates its answers to Paragraph 1 through 17 as if fully set for herein.

19. The Defendant denies the allegations contained in Paragraph 19.

20. The Defendant denies the allegations contained in Paragraph 20.

21. The Defendant denies the allegations contained in Paragraph 21.

## FIRST AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted against the Defendant.

## SECOND AFFIRMATIVE DEFENSE

The Defendant states that it at all times acted in conformance with the statutes and rules and regulations set forth in 15 U.S.C. §1601 et seq. ("TILA") and Federal Reserve Board Regulations Z, 12 C.F.R. part 226.

## THIRD AFFIRMATIVE DEFENSE

The Defendant pleads estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

The Defendant pleads relief.

**FIFTH AFFIRMATIVE DEFENSE**

The Defendant pleads waiver.

**SIXTH AFFIRMATIVE DEFENSE**

The Plaintiffs' TILA claim is barred or limited by several defenses available under TILA including but not limited to the defenses concerning error, tolerances, the unintentional and bona fide error or defense under 15 U.S.C. §1640 and the good faith compliance defense under 15 U.S.C. §1640.

**SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred in whole or part because of their own negligence or intentional conduct approximately causing their injuries.

**DEFENDANT COLUMBIA EQUITIES, LTD. HEREBY DEMANDS TRIAL BY JURY.**

Defendant,
Columbia Equities, Ltd.
By Its Attorneys,

/s/Charles A. Hambly, Jr., Esq. (#1073)
Samuel C. Bodurtha, Esq. (#7075)
Higgins, Cavanagh & Cooney LLP
123 Dyer Street
Providence, RI 02903
(401) 272-3500
(401) 273-8780 Fax
Chambly@hcc-law.com
Sbodurtha@hcc-law.com

CERTIFICATION

I hereby certify that on the 11th day of August, 2006 a copy of the foregoing was mailed, first class to:

Christopher M. Lefebvre, Esq.
Law Offices of Claude Lefebvre & Sons
PO Box 479
Pawtucket, RI 02862

________________________________