**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JOSEPH D. LOMBARDI and CAROLYN J. LOMBARDI Plaintiffs,** | : | **C.A. 06-267** |
| **VS.** | : | |
| **COLUMBIA EQUITIES, LTD. Defendant** | : | |

**PLAINTIFFS' RULE 16 STATEMENT OF THE CASE**

On or about July 25, 2003 Plaintiffs, Joseph D. Lombardi and Carolyn J. Lombardi entered into a consumer loan transaction, a mortgage, with Columbia Equities, LTD. This mortgage refinanced a mortgage held by a different lender and all of the proceeds thereof were used for personal, household and family related purposes. At the time of the loan closing referenced above, the Plaintiffs were not provided copies of any of the required material disclosures of 15 U.S.C. §1602(u). Plaintiffs left the closing without any of the statutorily required disclosures, having not been provided any copies by the closing agent. On or about August 7, 2003, several days after the July 25, 2003 consummation of the loan, the Plaintiffs received copies of the disclosures and other pertinent closing documentation via the mail. The Notice of Right To Cancel received by the Plaintiffs after the closing was defective and confusing as it contained a deadline to rescind of July 29, 2003, which had already transpired by the time the Plaintiffs received said document via the mail.[1]

---

[1] This independent claim that the notice was defective because it contained a deadline to rescind that already passed may be moot based upon a very recent adverse ruling from the First Circuit. Palmer v. Champion Mortgage, --F.3d--,2006 WL 2789231, at *4, (1st Cir. September

Upon information and belief, Columbia Equities treated and intended the July 29, 2003 date contained on the Notice of Right to Cancel received by the Plaintiffs as the deadline in which the Plaintiffs could rescind the transaction. Additionally, upon information and belief, Columbia Equities disbursed the loan proceeds on or about July 25, 2003 ***prior*** to the expiration of the 3 day period after the Plaintiffs received their disclosures in the mail in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23. *See*, Taylor v. Domestic Remodeling, 97 F.3d 96 (5th Cir. 1996).

The TILA requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights. Beach v. Ocwen Federal Bank , 523 U.S. 410 (1998). Most importantly for this case, however, TILA establishes a statutory right of rescission whenever a mortgage loan is given on a borrower's principal dwelling which extends until "midnight of the third business day following consummation [of the loan], delivery of the notice [of the right to rescind], or delivery of all material disclosures, whichever occurs last." 12 C.F.R. § 226.23(a)(3). If the required notice or material disclosures are not delivered, the right to rescind shall expire three years after consummation. *See* 12 C.F.R. § 226.23(a)(3). Reese v. Hammer Financial Corp., 1999 WL 1101677 (.D.C., N.D.Ill. 1999); In re Rodrigues, 278 B.R. 683(Bkrtcy.D.R.I. 2002).

On or about May 11, 2005, the Plaintiffs exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent via certified mail to Columbia Equities and was received by the Defendant. The Defendant ignored the Plaintiffs' request to rescind.

---

29, 2006). A Petition For Rehearing is pending before the Court.

In this case, the Defendant, Columbia Equities failed to give Plaintiffs *clear and conspicuous* notice of their right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23. and violated the Delay of Performance Rule. In order for the Plaintiffs to prevail, they need only to convince the jury that they were provided by the Defendant with a defective and confusing Notice of Right to Cancel and that the Defendant disbursed funds prior to the expiration of the 3 day rescission period. Inevitably, as is typical in these cases, the Defendant will produce a copy of a completed right to cancel with an acknowledgment that each of the Plaintiffs received two copies of said document. As referenced above, this presumption of receipt of completed documents can be rebutted by the testimony of the Plaintiffs and probably via the testimony of the closing agent . Plaintiffs seek absolute rescission of their loan, an award or statutory damages of $2000.00 and payment of all attorneys fees and costs.

Respectfully submitted,

/s/Christopher M. Lefebvre, # 4019

LAW OFFICES OF CLAUDE
LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Lefeblaw@aol.com

**CERTIFICATION**

I hereby certify that I served a copy of the Plaintiffs' Conference Statement upon the Defendant's attorneys, Charles A. Hambly Jr. and Samuel C. Bodurtha at Higgins, Cavanagh & Cooney LLP at 123 Dyer Street, Providence, RI 02903 by mailing it vi a first class mail, postage prepaid, on October 13th, 2006.

/s/Christopher M. Lefebvre